**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHUQU LI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-909-R |
| | ) | |
| CHRIS GANTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell, who issued a Report and Recommendation [Doc. No. 9] recommending the Court grant the Petition in part and order Respondents to immediately release Petitioner. Respondents filed an Objection [Doc. No. 10] to which Petitioner responded [Doc. No. 11]. The Court will now conduct a de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Petitioner was previously apprehended, issued an NTA, and released on his own recognizance by ICE. He was re-detained by ICE in August of 2025. He raises a few grounds for relief: (1) his arrest, detention, and lack of a bond hearing violate his substantive and procedural due process rights and (2) his warrantless arrest violates the Immigration & Nationality Act. Judge Mitchell found Petitioner is detained pursuant to § 1226 and Respondents have not identified a change in circumstances that required

1

revocation of his conditional release. Judge Mitchell further found Petitioner's continued detention violates his procedural due process rights. She ultimately recommends that this Court should order Petitioner's release due to both (1) the misapplication of the INA to his detention and (2) the ongoing due process violation.

Respondents object to Judge Mitchell's conclusion that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). Upon de novo review, and in accordance with the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026), the Court concludes § 1226(a) governs Petitioner's detention.

Respondents argue that if this Court finds Petitioner is detained pursuant to § 1226, it should limit Petitioner's relief to what Petitioner is due under § 1226: a bond hearing. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

In situations akin to Petitioner's, this Court would typically agree with Respondents and find a bond hearing is the appropriate remedy. However, Petitioner asserts in his Response that he was arrested without a warrant and thus the appropriate remedy is his immediate release from custody. *See* § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). Judge Mitchell recommends that this Court need not reach Petitioner's claim related to his warrantless arrest because it can otherwise grant him relief pursuant to § 1226(a). But under similar circumstances, this Court has concluded

2

immediate release from detention is warranted for noncitizens whose detentions are governed by § 1226(a) and who are arrested without a warrant. *See Kunner v. Grant*, No. CIV-26-229-R, Doc. No. 23, W.D. Okla. (July 7, 2026). Another court in this district has found similarly. *See Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *2 (W.D. Okla. Feb. 20, 2026); *Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026). *See also Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sep. 16, 2025) ("And issuance of a warrant, as well as detention pursuant to it, is a condition that must be satisfied in order to justify discretionary detention under § 1226(a)."). Nothing in the record indicates Petitioner was properly arrested pursuant to a warrant or that conditions were present which might have justified his warrantless arrest. Accordingly, Petitioner's immediate release is the appropriate remedy.

Accordingly, the Report and Recommendation of Judge Mitchell is PARTIALLY ADOPTED.[1] The Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED in part and Respondents are directed to immediately release Petitioner on an order of supervision. Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 15th day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court grants Petitioner relief pursuant to § 1226(a), it declines to address his due process claims.